IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

**MELVIN DAVIS, et al.,**

    **Plaintiffs,**

**v.**                                                                       **CIVIL ACTION NO. 02-0629-CB-M**

**COCA-COLA BOTTLING CO.
CONSOLIDATED,**

    **Defendant.**

<u>**ORDER**</u>

Following the granting of summary judgment on all of plaintiff's claims except those of certain of plaintiffs' claims, the court ordered the parties to rebrief the summary judgment arguments on plaintiff's hostile work environment claims. The parties had previously briefed the defendant's summary judgment motion as to plaintiffs' hostile work environment claims. In addition, defendant seeks reconsideration of the denial of its motion to dismiss certain of plaintiffs' §1981 promotion claims on the basis of the statute of limitations. Upon consideration, the court grants reconsideration and dismisses plaintiffs' promotion claims as untimely. The court also grants summary judgment in favor of the defendant on plaintiffs' remaining claims.

<u>Reconsideration of Motion to Dismiss</u>

Plaintiffs do not contest defendant's assertion that all of the promotion claims raised by plaintiffs involve a promotion from a union position under a collective bargaining agreement to a managerial position which was not subject to collective bargaining. As noted by defendants, such a promotion would, of

1

necessity, involve a different contract and create a separate contractual relationship between the parties. Such promotions were actionable under §1981 prior to its amendment in 1991. See e.g. *Patterson v. McLean Credit Union*, 491 U.S. 164, 185 (1989). Accordingly, plaintiffs' claims arising from such promotions pursuant to §1981 are subject to the borrowed state-law statute of limitations. See *Jones v. R.R.Donnelley & Sons Co.*, 541 U.S. 369 (2004) (four-year federal limitations statute applies to claims under §1981 which could not have been brought prior to its amendment). In Alabama, the applicable period is two years. As all of the challenged promotions[1] took place more than two years prior to the filing of this action, all of those claims are due to be dismissed.

<u>Summary Judgment Standard</u>

"[T]he purpose of Rule 56 is to enable a party who believes there is no genuine dispute as to a specific essential fact to demand at least one sworn averment of that fact before the lengthy process of litigation continues." *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990). The court's analysis ends "where there is no genuine issue of material fact and where the moving party is entitled to judgment as a matter of law." *Great Lakes Dredge & Dock Co. v. Tanker Robert Watt Miller*, 957 F.2d 1575, 1578 (11th Cir.1992). Summary judgment is appropriate where the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A dispute of material fact "is 'genuine' ... if the evidence is such that a reasonable jury could return

---

[1] To the extent plaintiffs seek to include additional promotion decisions not identified in the complaint, those additional claims are not properly brought in this action. See *Coon v. Georgia Pacific Corp.*, 829 F.2d 1563 (11th Cir. 1987).

a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *United States v. Gilbert*, 920 F.2d 878, 883 (11th Cir.1991) (citation omitted). The nonmovant "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Liberty Lobby*, 477 U.S. at 257. Mere conclusory statements or reliance on the pleadings are insufficient. *Celotex*, 477 U.S. at 324.

In assessing whether the movant is entitled to summary judgment in its favor, the Court must review the evidence and all reasonable factual inferences arising from it in the light most favorable to the nonmoving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir.1992). The Court must avoid weighing conflicting evidence or making credibility determinations, *Liberty Lobby*, 477 U.S. at 255.

> [A]lthough the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. That is, the court should give credence to the evidence favoring the nonmovant as well as that "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses."

*Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 151 (2000) (citations omitted).

### Hostile Work Environment

The court previously granted summary judgment on all claims except those for hostile work environment. Doc. 95. Thereafter, the court reconsidered its dismissal of plaintiffs' §1981 claims on the basis of the borrowed two-year statute of limitations, but has again dismissed those claims hereinabove. The court had rejected plaintiff's attempt to lump all of the harassing conduct together rather than addressing specific events in relation to each plaintiff's individual claims. The court ordered plaintiffs to supplement their submissions to correct that problem.

Specifically, the court stated "[p]laintiffs fail to address their individual claims of harassment, instead

relying on a general list of events and apparently arguing [erroneously] that all of those events support the claims of all plaintiffs equally." The order allowed plaintiffs an opportunity to correct that problem. Rather than offer evidence as to the conduct which affected each plaintiff, their supplemental response again simply lists all of the racial slurs of which any plaintiff was aware or which were identified in discovery.[2] They failed to comply with the court's order, and failed to bear their burden in responding to a motion for summary judgment, instead resubmitting an undifferentiated laundry list of racial slurs that allegedly occurred at the defendant's plant. There does not appear to be much, if any, difference between the supplement and the original response. The information provided does not identify when the comments were made,[3] which of the plaintiffs knew of which comments and how they learned of them, or how they were affected. Such information is necessary to establish that the harassment was sufficiently severe to alter the terms and conditions of each plaintiff's job. See *Edwards v. Wallace Comm. Coll.*, 49 F.3d 1517 (11th Cir. 1995).

The court will not comb the voluminous record in this case to do the job of plaintiffs' counsel, collecting and organizing the necessary information from the record presented, particularly after giving plaintiffs an additional opportunity for that very purpose. "The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Matsushita Electronic Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); see 11 Moore's Federal Practice, §56.13[4] ("The party opposing summary judgment has an affirmative duty to direct the court's attention to those specific portions of the record on which the party relies to crete a genuine issue of material fact.").

---

[2] Among the harassing events cited by plaintiffs is the fact that, in his deposition, another employee, Kane, admitted to using the term 'nigger.'

[3] Plaintiffs assert in their response that the comments were made over the space of twenty-six years.

From the minimal information provided concerning the discrete racial slurs, it does not appear that any of the plaintiffs has offered evidence sufficient to demonstrate that the terms and conditions of his or her job was affected by those harassing actions.

Plaintiffs have failed to demonstrate the existence of a genuine issue of material fact as to their claims to have suffered a racially hostile work environment.  The court need not address the appropriateness of entry of summary judgment as a sanction for failure to comply with the court's order of supplementation.  The court will grant summary judgment on those claims brought under Title VII and §1981.

## Conclusion

For the foregoing reasons, it is hereby **ORDERED**

1) that defendant's Motion for Summary Judgment is **GRANTED**;

2) that the court **RECONSIDERS** its prior order vacating the dismissal of plaintiffs' §1981 claims; and

3) that all remaining claims brought by plaintiffs are **DISMISSED with prejudice**.  A separate judgment shall issue.

**DONE** this the 26th  day of April, 2005.

*s/Charles R. Butler, Jr.*
**Senior United States District Judge**